# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SONYA GARCIA-MARTINEZ, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) No. 4:20-cv-04188-SLD-JEH |
| v. | ) ) ) |
| H&R ACCOUNTS, INC., d/b/a AVADYNE HEALTH | ) ) ) ) |
| Defendant. | ) |

## THE PARTIES' AMENDED JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND DISMISSAL OF COMPLAINT

Plaintiff, Sonya Garcia-Martinez ("Plaintiff") and Defendant H&R Accounts, Inc. d/b/a Avadyne Health ("Defendant") (collectively, "Parties"), by and through their respective attorneys, for their amended motion for the Honorable Court to approve the settlement entered between the Parties state as follows:

1.  On September 4, 2020, Plaintiff filed a complaint against Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"), for Defendant's alleged failure to pay Plaintiff and other similarly situated persons all earned regular and overtime pay for all time worked.

2.  On September 25, 2020, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint. Defendant denies that Plaintiff is owed any unpaid wages or overtime wages under the FLSA, IMWL or the IWPCA. Defendant denies that its pay practices failed to comply with the FLSA, the IMWL, the IWPCA, or any other federal or state law. Defendant further denies that this case is suitable for a class or collective action.

3.      Following individual settlement negotiations between Plaintiff and Defendant, the named Plaintiff individually and the Defendant reached a mutually satisfactory settlement.

4.      On, December 23, 2020, the parties jointly moved for the Court to approve the parties' proposed settlement.  Subsequent to the filing of that motion and before the Court entered a ruling, the Parties agreed to modify their settlement by increasing the amount Plaintiff would receive and decreasing the amount of attorneys' fees that would be paid to Plaintiff's counsel.  The total amount Defendant agreed to pay to settle this case remains unchanged.

5.      When an employee brings a private action against her employer or former employer for wages under the FLSA, there are at least two routes to effectuate an agreed compromise of the FLSA claims: through a settlement supervised by the Secretary of Labor or by a district court after the settlement is reviewed for fairness.  *Lewis v. Giordano's Enterprises, Inc.*, 921 N.E.2d 740, 748 (Ill. Ct. App. 2009), *citing Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) *and Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986).

6.      Submitted herewith as Exhibit A is a copy of the Settlement Agreement, as modified by the Parties, for review and approval.

7.      Although Plaintiff originally filed this case as a collective action under the FLSA and a class action under the IMWL and IWPCA, Plaintiff did not move for collective or class certification and no certification of said collective or class action was ever ruled upon by the Court.  Claims of other past and/or current employees, if any, are not affected by this settlement.

8.      The Parties requests the Court approve the Settlement Agreement because it is a fair and reasonable resolution of bona fide disputes over wages under the FLSA, IMWL and IWPCA.  As set forth above, the Parties dispute whether Plaintiff is entitled to any unpaid minimum wages or overtime wages under the FLSA, IMWL or IWPCA, and Plaintiff was only

employed by Defendants for a period of approximately five (5) months. Defendant paid Plaintiff about $13.00 per hour.

9. Should this litigation continue, there are a range of possible outcomes including ones far less favorable to Plaintiff. Litigation risks remain in obtaining collective and/or class action certification in this matter, proving liability, and establishing damages, and aspects of the case could be subject to ultimate rejection. The Settlement Agreement provides monetary benefits to Plaintiff now, without the time, difficulties, expense and uncertainty of further litigation and without the years of delay any appeal might cause. *See Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust*, 834 F.2d 677, 682 (7th Cir. 1987) (a settlement is fair "if it gives [plaintiffs] the expected value of their claim if it went to trial, net the costs of trial."). As such, the settlement is fair, adequate and reasonable.

10. Approval of the Settlement Agreement is also warranted in light of the likely increase in the complexity, length and expense of further litigation. Avoiding the delay and risk of protracted litigation is another reason counsel frequently recommend, and thus courts approve, settlements. *See, e.g., Protective Committee for Indep. Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 424 (1968) (judge must consider "the complexity, expense, and likely duration of the litigation").

11. The Settlement Agreement is the result of arms' length negotiations between the parties and experienced counsel. There has been no hint of collusion and the settlement reached between the parties is fair and reasonable.

12. If this Court approves the Settlement Agreement, the Parties request the dismissal of this suit, with prejudice, with each party to bear its or her own costs and attorneys' fees.

WHEREFORE, for the foregoing reasons, Plaintiff and Defendant respectfully request that this Court enter an Order as follows:

i) Approving the Settlement Agreement as a fair and reasonable resolution of Plaintiff Sonya Garcia-Martinez's individual bona fide dispute under the FLSA, IMWL and IWPCA and dismiss this suit with prejudice and with each party to bear its or his own costs and attorneys' fees;

ii) Finding that the Settlement Agreement and the dismissal of the individual claims of Plaintiff Sonya Garcia-Martinez does not impair, interfere or otherwise limit in any way the rights of other persons similarly situated;

iii) Dismissing this case with prejudice; and

iv) For such further and other relief as the Court deems appropriate.

By: /s/ Thomas M. Ryan

One of Plaintiff's Attorneys
Thomas M. Ryan
Law Office of Thomas M. Ryan, P.C.
35 E. Wacker Drive, Suite 650
Chicago, Illinois 60601
(312) 726-3400
tom@tomryanlaw.com

James X. Bormes
Catherine P. Sons
Law Office of James X. Bormes, P.C.
8 S. Michigan Ave., Suite 2600
Chicago, Illinois 60603
(312) 201-0575
bormeslaw@sbcglobal.net
cpsons@bormeslaw.com

By: /s/ Kevin M. Cloutier

One of Defendant's Attorneys
Kevin Cloutier
Mikela Sutrina
Elizabeth Rowe
Sheppard Mullin
70 W. Madison Street, 48th Floor
Chicago, Illinois 60602
(312) 499-6300
KCloutier@sheppardmullin.com
MSutrina@sheppardmullin.com
ERowe@sheppardmullin.com