IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

SONYA GARCIA-MARTINEZ,
     Plaintiff,

v.

H&R ACCOUNTS, INC., d/b/a
AVADYNE HEALTH,
     Defendant.

Case No. 4:20-cv-04188-JEH

**Order**

Now before the Court is the Parties' Amended Joint Motion for Court Approval of Settlement and Dismissal of Complaint (Doc. 17).  For the reasons set forth below, the Motion is GRANTED.[1]

**I**

On September 4, 2020, Plaintiff Sonya Garcia-Martinez filed a Collective and Class Action Complaint (Doc. 1) against Defendant H&R Accounts, Inc., d/b/a Avadyne Health pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1 *et seq.*  The Plaintiff, who worked as a telephone-dedicated employee, alleged that the Defendant, a debt collection agency and the Plaintiff's employer, knowingly required the Plaintiff and other similarly situated telephone-dedicated employees to perform unpaid work before the start times of their shifts that averaged approximately 15 minutes per day per person.  The Plaintiff brought the FLSA

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge.  (Docs. 16, 18).

overtime claims as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of telephone-dedicated employees who worked for the Defendant in the United States, and she brought the IMWL overtime claims and IWPCA unpaid wage claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of Illinois telephone-dedicated employees.  On September 25, 2020, the Defendant filed its Answer and Affirmative Defenses (Doc. 8).  The Defendant denied any allegations of wrongdoing, denied that a collective action was appropriate, and denied there was a "class" of employees as defined under Federal Rule of Civil Procedure 23.

On February 1, 2021, the parties informed the Court that following individual settlement negotiations between the Plaintiff and the Defendant, the named Plaintiff individually[2] and the Defendant reached a mutually satisfactory settlement.  They attached a copy of their Confidential Settlement Agreement and General Release (Settlement Agreement), as modified by the parties, for this Court's review and approval.

## II

"[S]ettlement of claims for back wages under the FLSA require approval from the Department of Labor or from a district court."  *Salcedo v. D'Arcy Buick GMC, Inc.*, 227 F. Supp. 3d 960, 961 (N.D. Ill. 2016) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982)).  "To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching."  *Owens v. GLH Capital Enter., Inc.*, 16-CV-1109, 2018 WL 1240461, at *1 (S.D. Ill. Mar. 9, 2018) (internal quotations and citations omitted).  A reviewing court normally approves

---

[2] The Plaintiff did not move for collective or class certification, and thus, no certification of the Plaintiff's collective or class action was ever made by the Court.

a settlement that "is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010) (internal citation omitted). The following factors may be considered: 1) the complexity, expense, and likely duration of the litigation; 2) the stage of the proceedings and the amount of discovery completed; 3) the risks of establishing liability; 4) the risks of establishing damages; 5) the ability of the defendants to withstand a larger judgment; 6) the range of reasonableness of the settlement fund in light of the best possible recovery; and 7) the range of reasonableness of the settlement fund in light of all the risks of litigation. *Paredes v. Monsanto Co.*, 15-CV-088, 2016 WL 1555649, at *1 (N.D. Ind. Apr. 18, 2016).

The Court has reviewed the parties' Settlement Agreement and finds that it is the product of arm's-length negotiations between two parties, each of which was represented by counsel. The Court considered the factors set forth above when reviewing the parties' Settlement Agreement and, accordingly, further finds that the Settlement Agreement reflects a reasonable compromise of the parties' disputed issues under the FLSA, IMWL, and IWPCA. While the parties did not separately brief the issue of the attorneys' fees and costs awarded in the Settlement Agreement, they have explained that they agreed to modify their settlement by increasing the amount the Plaintiff would receive and decreasing the amount of attorneys' fees that would be paid to Plaintiff's counsel. Their current, modified settlement more than doubled the amount the Plaintiff will receive.[3] The Court is

---

[3] The total settlement sum the Defendant agreed to pay has not changed.

satisfied that the Plaintiff's receipt of 25% of the total settlement sum is fair under the circumstances of this case.

III

For the reasons set forth above:  1) the Parties' Amended Joint Motion for Court Approval of Settlement and Dismissal of Complaint (Doc. 17) is GRANTED; 2) the Court APPROVES the parties' Confidential Settlement Agreement and General Release; 3) this case is DISMISSED WITH PREJUDICE; 4) the Settlement Agreement and dismissal of the individual claims of Plaintiff Sonya Garcia-Martinez does not impair, interfere, or otherwise limit in any way the rights of other persons similarly situated; and 5) each party is to bear its or her own costs and attorneys' fees unless otherwise covered by virtue of the parties' Settlement Agreement.  The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on February 4, 2021.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE